UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 19-21304-CIV-MORENO**

SAMUEL M SPALTER,

        Plaintiff,

vs.

AMERICAN NATIONAL INSURANCE
COMPANY,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE AND CLOSING CASE

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss. THE COURT has considered the motion, the response in opposition, the reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion to dismiss is GRANTED for the reasons below and the complaint DISMISSED with PREJUDICE.

### I. Background

On April 8, 2019, Plaintiff Samuel M Spalter filed a two-count complaint in this Court alleging that Defendant American National Insurance Company breached the relevant life insurance policy when, on June 15, 2012, Defendant mailed the Plaintiff a letter advising that it had "terminated coverage on June 9, 2012."[1] According to the complaint, Defendant had previously warned Plaintiff on May 9, 2012 that "[o]n April 9, 2012, your policy did not meet the minimum Safety Net Guarantee premium requirements outlined in the contract. As a result of not

---

[1] On June 8, 2018, Plaintiff filed the instant case in New York state court. Defendant subsequently removed the case to the United States District Court for the Eastern District of New York, and Plaintiff thereafter voluntarily dismissed it on February 20, 2019.

meeting these requirements, the policy is now in its 61-day grace period and in danger of lapsing."

Plaintiff avers that one month later, before expiration of the grace period, he mailed the Defendant

a check satisfying the premium payments due. Still, Defendant unlawfully terminated coverage.

Now, Plaintiff brings forth two causes of action related to the alleged breach of the life

insurance agreement. In the first cause of action, Plaintiff seeks a declaratory judgment that he "is

entitled to a declaration that the Policy is in full force and effect and to a declaration requiring [the

Defendant] to restore the policy without any lapse in coverage." As for the second cause of action,

it appears Plaintiff again seeks a declaratory judgment, this time that the Defendant "was required

to notify Plaintiff of the right to designate a secondary addressee at the time of application for the

Policy, on a form provided by [the Defendant], and at any time the Policy is in force, by submitting

a written notice to [the Defendant] containing the name and address of the secondary addressee."

Based on such a failure, Defendant "violated its legal notice obligation."

The Court below addresses the motion to dismiss, the response in opposition, and the reply.

## II. Legal Standard

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

complaint must plead sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When

ruling on a motion to dismiss, a court must view the complaint in a light most favorable to the

plaintiff and accept the plaintiff's well-pleaded facts as true. *See Twombly*, 550 U.S. at 555-56.

In order to establish a facially plausible claim, a plaintiff must show "more than a sheer possibility

that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Plaintiff need not provide "detailed

factual allegations," but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III. Analysis

### A. The Complaint Is Time-Barred by the Applicable Statute of Limitations

Upon review, the Court finds that whether Plaintiff's claims ultimately succeed on the merits is irrelevant, as both claims stem from Defendant's lapse of the life insurance policy, and thus are time-barred by the applicable statute of limitations. "A statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (alterations in original) (quoting *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993)). However, "our cases say that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *Id.* (quoting *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003)).

Here, the complaint unequivocally demonstrates that the statute of limitations period has expired. In Florida, the statute of limitations for a breach of contract is five years. § 95.11(2)(b), Fla. Stat. (2019). As case law in this district explains, for claims specifically based on breach of a life insurance contract, "the statute of limitations begins to run from the date the cause of action accrues, that is, from the date of the breach of contract." *Caplen v. Guardian Life Ins. Co.*, No. 96-8359, 1996 WL 1057652, at *4 (S.D. Fla. Oct. 22, 1996) (applying Florida law). According to Plaintiff's complaint, the breach occurred on June 9, 2012, the date Defendant advised by letter that it had "terminated coverage." Thus, because Plaintiff commenced this action on April 8, 2019, nearly seven years after the statute of limitations began to run, his claims are time-barred. *See id.* ("In the instant case, [the plaintiff] claims that the forced cancellation of his son's life insurance

policy in 1990 was a breach of contract. [The plaintiff] filed this complaint on April 25, 1996,

well outside the five year statute of limitations for claims on a contract. Therefore, that portion of

Count I claiming damages under the [son's] life insurance policy is dismissed as time barred.").

## B. Plaintiff's Rebuttal Arguments Are Unavailing

Plaintiff essentially makes two arguments in rebuttal. First, he argues that because he is

bringing a declaratory judgment action, not a breach of contract action, his claims are not untimely.

But, according to Florida law, "actions for declaratory relief do not have their own statute of

limitations." *Rosenbaum v. Becker & Poliakoff, P.A.*, No. 08-81004, 2010 WL 376309, at *8 (S.D.

Fla. Jan. 26, 2010). Instead, because "'declaratory relief is a mere procedural device by which

various types of substantive claims may be vindicated,' it is . . . the substance of the right sued

upon that governs the applicable limitations period." *Id.* (quoting *Luckenbach S.S. Co. v. United

States*, 312 F.2d 545, 548 (2d Cir. 1963)); *see also Donovan v. State Farm Fire Ins. & Cas. Co.*,

574 So. 2d 285, 285-86 (Fla. 2d DCA 1991) (applying the five-year statute of limitations for breach

of contract claims to a claim for declaratory judgment arising under contract). Here, it is clear that

the substance of Plaintiff's claims arises from the termination, and therefore breach, of the life

insurance policy. As Plaintiff writes, "[Defendant's] attempt to terminate the policy is unlawful."

Second, Plaintiff attempts to argue that his claims are not untimely because the doctrine of

anticipatory repudiation applies, not breach of contract. "In dealing with anticipatory repudiations

the law is clear that a repudiation gives rise to a claim for damages by the nonbreaching party."

*Hosp. Mortg. Grp. v. First Prudential Dev. Corp.*, 411 So. 2d 181, 182 (Fla. 1982). Plaintiff writes

that he has "not elected to treat [Defendant's] repudiation as a breach prior to the time of

performance." Instead, he has chosen to treat the June 15, 2012 letter as an anticipatory

repudiation, enabling him to sue when he prefers, including when performance of the contract

becomes due upon death. Plaintiff points to Florida law holding that the statute of limitations period, for anticipatory repudiation claims, may accrue when performance becomes due, not as soon as a breach occurs. *See Dutra v. Kaplan*, 137 So. 3d 1190, 1192 (Fla. 3d DCA 2014).

The Court, however, is unpersuaded. First and foremost, Plaintiff fails to specifically cite to a single case in this State holding that the doctrine of anticipatory repudiation applies to life insurance contracts, such that the statute of limitations accrues upon death. Second, "[i]n the specific context of insurance policies, courts have found that even though the time for an insurer to pay out on the policy has not yet arrived, an insurer nonetheless breaches the policy, and triggers the statute of limitations, when it demands that the insured makes payments inconsistent with the insured's understanding of the policy terms." *Kersh v. Manulife Fin. Corp.*, 792 F. Supp. 2d 1111, 1119 (D. Haw. 2011). In *Kersh*, the court held that even though performance of the life insurance contract was not yet due because the insured was alive, the statute of limitations accrued when the insurer terminated the policy as a result of the insured's failure to pay the required premiums. *Id.* at 1120. Central to the court's holding was the fact that such a result in the life insurance context "makes common sense because it allows the insured, as opposed to his heirs, to bring suit, and also allows a suit to commence while evidence and witnesses are still available." *Id.*

The Court agrees with the rationale of *Kersh*, and opines that a Florida court, faced with the present issue, would as well. Courts in this district and throughout the country have similarly held that a breach of contract claim in the life insurance context accrues upon termination of the policy or, more broadly, whenever an insured makes premium payments inconsistent with the insured's understanding of the policy terms. *See, e.g., Earlywine v. USAA Life Ins. Co.*, No. 3:17-CV-328, 2018 WL 656088, at *3 (S.D. Cal. Feb. 1, 2018) (holding that the breach of contract claims "accrued no later than when [the insurance company] told [the insureds] that they would

have to increase their premium payments to avoid lapse of the [life insurance] Policy."); *Hilston v. Am. Gen. Life Ins. Co.*, No. 14-7269, 2015 WL 2232986, at *6 (E.D. Pa. May 12, 2015) (holding that the breach of contract claim should have been brought "when [the insurance company] lapsed the [life insurance] Policy for non-payment of premiums."); *Del Vecchio v. Conseco, Inc.*, 788 N.E.2d 446, 450 (Ind. Ct. App. 2003) (holding that the breach of contract claim "should have [been] brought . . . no later than 1995, ten years after receiving [the] 1985 annual statement advising [the insured] that if he did not pay additional premiums, his [life insurance] policy could terminate as early as May 1997."); *Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1056 (8th Cir. 2002) (holding that the breach of contract claim accrued when the insurance company "required [the insured] to make premium payments [under the life insurance policy] that were inconsistent" with the insured's beliefs); *Caplen*, 1996 WL 1057652, at *4 (holding that the breach of contract claim accrued upon the "forced cancellation of [the] life insurance policy").

## IV. <u>Conclusion</u>

Based on the foregoing, because Plaintiff's breach of contract claims are time-barred by the applicable five-year statute of limitations in Florida, it is

**ADJUDGED** that Defendant's Motion to Dismiss is GRANTED and the complaint is DISMISSED with PREJUDICE. Accordingly, it is

**ADJUDGED** that the case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of November 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

6